**MELCHION, Plaintiff-Appellant, v. BURKART, Defendant-Appellee.**

Ohio Appeals, First District, Hamilton County.

No. 7034. Decided December 20, 1948.

Cowell & Fletcher, Richard B. Baker, Lee J. Hereth, Cincinnati, for plaintiff-appellant.

Albert D. Castellini, Cincinnati, for defendant-appellee.

## OPINION

By THE COURT:

This is an appeal from a judgment of the Municipal Court of Cincinnati for the defendant on his defense that a previous judgment for the defendant barred this action.

From the record we learn that the defendant in this action was the manager employed to conduct the business of the Queen City Furnace & Heating Company, and acting as such manager for and on behalf of his principal. The plaintiff claimed that the manager made certain misrepresentations about the furnace and that the furnace installed under the contract failed to conform to the representations resulting in damage to the plaintiff.

The plaintiff sued the Queen City Furnace & Heating Company on this cause of action. A trial was had resulting in a judgment on the merits for the defendant.

Thereafter, this action was instituted against the agent based on the same transaction. The defendant pleaded the judgment in the prior action as a bar.

The certificate of the trial judge recites that it contains all the evidence, but this certificate is in conflict with the recitals in the bill that a complete transcript of the record including a transcript of the evidence introduced was received in evidence. This transcript was not copied into the bill and no statement identifying it as an exhibit is recited and there is no exhibit attached.

It is difficult on this state of the record to determine with assurance whether the prior judgment constitutes a bar. However, we believe section 99 of the Restatement of Law, (Judgments) applies. It states the rule as follows:

"A valid judgment on the merits and not based on a personal defense, in favor of a person charged with the commission of a tort or a breach of contract, bars a subsequent action by the plaintiff against another responsible for the conduct of such person if the action is based solely upon the existence of a tort or breach of contract by such person, whether or not the other person has a right of indemnity."

From what appears in the record it seems that the conduct of the defendant within the scope of his employment, constituted the sole claim of liability of the defendant in the prior action. If that is true, the judgment for defendant in that case against the principal is a bar to this action against the agent. Certainly, upon this record we cannot determine that it is not a bar.

Therefore, error not affirmatively appearing, the judgment is affirmed.

MATTHEWS, PJ, ROSS & HILDEBRANT, JJ, concur.